IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| **JENNIFER L. MCCUE,** | ) | CIV. NO. 08-00129 ACK-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **FOOD PANTRY, LTD.,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| | ) | |

**ORDER GRANTING IN FORMA PAUPERIS APPLICATION
AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL**

On March 17, 2008, Jennifer L. McCue ("Plaintiff"), proceeding pro se, filed an Employment Discrimination Complaint ("Complaint") against Food Pantry, Ltd. In the Complaint, Plaintiff alleges that she was subjected to employment discrimination because of her race and her attention deficit hyperactivity disorder ("ADHD"). This Order addresses the application to proceed in forma pauperis ("IFP") and request for appointment of counsel that Plaintiff filed with her Complaint.

I.  **In Forma Pauperis Application**

Federal courts can authorize the commencement of any suit without prepayment of fees or security, by a person who submits an affidavit demonstrating he is unable to pay such costs or give such security. See 28 U.S.C. § 1915(a)(1). In

determining IFP status, this Court is guided by whether the applicant's yearly income surpasses the poverty threshold. The Department of Health and Human Services ("HHS") Poverty Guidelines indicate that the poverty threshold for a single individual in Hawaii is $11,960. <u>See</u> Annual Update of the HHS Poverty Guidelines, 73 Fed. Reg. 3971 (Jan. 23, 2008).

In her affidavit, Plaintiff states that she is currently unemployed. <u>See</u> Application to Proceed without Prepayment of Fees and Affidavit at 1 (hereinafter "IFP Application"). Plaintiff does not indicate the date of her last employment, the amount of her take-home salary or wages and pay period, or the name and address of her last employer. However, in her request for appointment of counsel, Plaintiff states that she last worked in May 2006, and earned $2,100 per month. <u>See</u> Request for Appointment of Counsel at "EEO 3 - Page 5."

Plaintiff indicates that in the last twelve months, she has received money from pensions, annuities or life insurance payments. <u>See</u> IFP Application at 1. In her request for counsel, she explains that she has received $25,000 from her IRA. Plaintiff states that she has not received any money in the last twelve months from the following sources: business, profession or other self-employment; rent payments, interest or dividends; disability or worker's compensation payments; gifts or inheritances; or any other sources. <u>See</u> IFP Application at 1.

Plaintiff further indicates that she has $10,000 in a

2

checking account.  Plaintiff states that she owns an automobile (1998 Ford Concord) valued at $1,000.  Moreover, she states that she has an IRA valued at $65,000.  Plaintiff does not list anyone who is dependant on her for support.  In her request for counsel, Plaintiff states that she has a monthly rent payment of $300.  See Request for Appointment of Counsel at "EEO 3 - Page 7."

Based on the information provided in her affidavit, and supplemented by her declaration in support of her request for appointment of counsel, the Court finds that Plaintiff has demonstrated that she is unable to pay court costs at this time.  See 28 U.S.C. § 1915.  Because Plaintiff is currently unemployed, her yearly income appears to fall below the poverty threshold of $11,960 for a single individual in Hawaii.  Moreover, Plaintiff indicates that she has been diagnosed with terminal cancer.  See Request for Appointment of Counsel at "EEO 3 - Page 3" and subsequent 2 pages.  Accordingly, Plaintiff's request to proceed without prepayment of fees is granted.

**II.  Request for Appointment of Counsel**

There is no constitutional right to the appointment of counsel in employment discrimination cases.  Ivey v. Board of Regents of Univ. of Alaska, 673 F.2d 266, 269 (9th Cir. 1982) (citing Moore v. Sunbeam Corp., 459 F.2d 811 (7th Cir. 1972)).  However, Title VII authorizes the appointment of counsel "[u]pon application by the complainant and in such circumstances as the court may deem just."  42 U.S.C. §§ 2000e-5(f)(1)(B).

3

In reviewing Plaintiff's request, the Court considers the following factors: (1) Plaintiff's financial resources; (2) Plaintiff's efforts to secure counsel; and (3) the meritoriousness of Plaintiff's claim. <u>Bradshaw v. Zoological Soc'y of San Diego</u>, 662 F.2d 1301, 1318 (9th Cir. 1981).

The first factor for appointment of counsel in the present matter is neutral.  Plaintiff is currently unemployed and has been diagnosed with terminal cancer.  However, Plaintiff also has $10,000 in a checking account and $65,000 in an IRA. Although the Court has found that Plaintiff has demonstrated that she qualifies for IFP status, "[an even] lesser showing of indigency is required to satisfy the test for appointment of counsel."  <u>Id.</u> at 1319.  The Court finds that, at this time, the current state of Plaintiff's financial resources weighs neither in favor nor against the appointment of counsel.

The second factor requires the Plaintiff to make "a reasonably diligent effort under the circumstances to obtain counsel."  <u>Id.</u>  In <u>Bradshaw</u>, the plaintiff met this threshold by contacting more than ten attorneys, each of whom declined to represent her except upon financial terms that she was unable to meet.  <u>Id.</u>  Here, Plaintiff contacted three attorneys, all of whom declined to represent her in this matter.  <u>See</u> Request for Appointment of Counsel at "EEO 3 - Page 4."  The Court finds that Plaintiff's effort to obtain counsel by contacting only three attorneys was not "reasonably diligent."  This factor weighs

4

against appointment of counsel.

The third factor requires Plaintiff to show that her claim has "some merit." Bradshaw, 662 F.2d at 1319. In determining whether a plaintiff's claim has some merit, "the EEOC determination regarding 'reasonable cause' should be given appropriate weight." Id. at 1319-20. In Plaintiff's case, the EEOC did not explicitly find "no reasonable cause," but it was similarly unable to conclude that any statutory violation occurred. The EEOC Dismissal and Notice of Rights letter attached to Plaintiff's Complaint states:

> The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

See Dismissal and Notice of Rights at 1 (Dec. 18, 2007). Plaintiff has not provided the Court with the investigative record from the EEOC proceeding. However, Plaintiff has provided a lengthy explanation of her reasons for questioning the EEOC's determination, which exceeds the one-page limit for additional comments. See Request for Appointment of Counsel at "EEO 3 – Page 3" and subsequent 3 pages.

The Court summarizes Plaintiff's explanation as follows: Plaintiff was contacted by the EEOC investigator in mid-November of 2007 and told that her case would be dismissed. The investigator also described some of Food Pantry's responses to

5

Plaintiff's allegations.  Plaintiff informed the investigator that the company's comments were "far off base" regarding the events that led to her termination, and were "taken out of context."  Upon her request, the investigator gave her one week to respond by letter.  Plaintiff explains that she wrote a letter but it was "vague" because the investigator told her that he "didn't want to be bothered by a lot of detail."  Id.

According to Plaintiff, the EEOC investigator never undertook further investigation and abruptly dismissed her case two weeks later without any explanation.  Plaintiff states that she did not receive a copy of her case file until a couple of weeks before filing her Complaint.  She believes that the EEOC mishandled her case and did not give her the chance to correct Food Pantry's misrepresentations.  She re-states her allegation that Food Pantry discriminated against her based on her ADHD and adds a new basis for discrimination: a terminal illness with which she has recently been diagnosed.  Id.

Plaintiff also attaches a letter that another former Food Pantry employee, Delmar R. Palone, wrote and submitted to the EEOC investigator during the EEOC proceeding.  Mr. Palone claims that he and another employee were subjected to discrimination based on their race (Caucasian) by the same Food Pantry supervisor who allegedly discriminated against Plaintiff. Id.

After carefully considering the EEOC's finding,

6

Plaintiff's explanation for questioning the EEOC's determination, Mr. Palone's letter, and the allegations contained in the Complaint, the Court concludes that the third factor weighs slightly in favor of appointment of counsel.  The Court finds that Plaintiff's claim has "some merit."

Nevertheless, in considering these three factors, the Court finds that Plaintiff's failure to contact a sufficient number of attorneys weighs most heavily.  Moreover, the Court observes that Plaintiff's Complaint does not present complex issues of law.  She appears capable of articulating the facts and legal issues in court and is therefore seemingly able to proceed pro se.  Further, Plaintiff should note that in most cases, the Court cannot expend public resources to provide plaintiffs with counsel.  Plaintiff should continue to seek to obtain counsel or prepare to proceed pro se.  To assist Plaintiff, the Court has attached to this Order a list of pro bono attorneys whom she may contact regarding representation.  Accordingly, the Court denies Plaintiff's request for appointment of counsel without prejudice.

## CONCLUSION

Based on the foregoing, the Court grants Plaintiff's in forma pauperis application.  The Court denies without prejudice Plaintiff's request for appointment of counsel.

IT IS SO ORDERED.

Dated:  Honolulu, Hawaii, March 27, 2008.



_____
Alan C. Kay
Senior United States District Judge

<u>McCue v. Food Pantry, Ltd.</u>, Civ. No. 08-00129 ACK-KSC, Order Granting In Forma Pauperis Application and Denying Request for Appointment of Counsel.

## PRO BONO PANEL

1.  Kurt A. Gronau, Esq.
    900 Fort Street Mall, Ste. 909
    Honolulu, Hawaii 96813
    Tel. 526-9561

2.  Lea O. Hong, Esq.
    737 Bishop Street, Ste. 2600
    Honolulu, Hawaii 96813
    Tel. 547-5400

3.  Edmond K. Ikuma, Esq.
    2056 Mohala Way
    Honolulu, Hawaii 96822
    Tel. 586-6933 or 942-7118

4.  Lila Barbara Kanae, Esq.
    550 Halekauwila Street, Ste. 304-1
    Honolulu, Hawaii 96813
    Tel. 848-5494

5.  Richard Paul McClellan, III, Esq.
    3608A Sierra Drive
    Honolulu, Hawaii 96816
    Tel. 735-6423

6.  Corey Y.S. Park, Esq.
    1001 Bishop Street, Ste. 1300
    Honolulu, Hawaii 96813
    Tel. 524-1212

7.  David M. Raatz, Jr., Esq.
    733 Bishop Street, Ste. 170-436
    Honolulu, Hawaii 96813
    Tel. 536-4965

PRO BONO PANEL (Continued)

8.  Eric A. Seitz, Esq.
    820 Mililani Street, Ste. 714
    Honolulu, Hawaii 96813
    Tel. 533-7434


9.  Bruce H. Wakazawa, Esq.
    1001 Bishop Street, 18th Floor
    Honolulu, Hawaii 96813
    Tel. 524-1800


10. Legal Aid Society of Hawaii
    1108 Nuuanu Avenue
    Honolulu, Hawaii 96813
    Tel. 536-4302


11. Hawaii Lawyers Care
    1040 Richards Street, Ste. 301
    Honolulu, Hawaii 96813
    Tel. 528-7046